JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOTHEBY'S, INC., <br><br> *Plaintiff*, <br><br> -against- <br><br> HALSEY MINOR, <br><br> *Defendant*. | ECF CASE <br><br> Civil Action No. _____ <br><br> **COMPLAINT** <br> **AND DEMAND FOR JURY TRIAL** |

RECEIVED
SEP 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Sotheby's, Inc. ("Sotheby's"), by its attorneys, Lynn & Cahill LLP, as and for its complaint against defendant Halsey Minor ("Minor"), alleges as follows:

## NATURE OF THIS ACTION

1. This is an action seeking damages, including payment of all sums due and owing to Sotheby's, in connection Minor's purchase at auction of certain works of fine art from Sotheby's in May 2008 and his subsequent, willful default in paying for his purchases.

## THE PARTIES

2. Sotheby's is a duly organized New York corporation with its principal place of business located at 1334 York Avenue, New York, New York.

3. Upon information and belief, Minor is an individual residing in San Francisco, California, but who uses a business address, Minor Ventures LLC, 199 Fremont Street, San Francisco, CA 94105, in dealing with Sotheby's.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between a citizen of one state and a citizen of another state.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6. This action concerns three works of fine art offered for sale by Sotheby's and purchased at auction by Minor in May 2008 (each, a "Work," and collectively, the "Works").

7. The amount due for the Works purchased totals more than thirteen million ($13,000,000.00) US dollars.

8. The terms and conditions of sale pursuant to which the Works were purchased (the "Contracts") by Minor require immediate payment.

9. Notwithstanding the requirement for immediate payment, Sotheby's initially offered Minor generous payment terms that would have allowed Minor until dates in August to pay for the Works.

10. Minor failed to agree to the payment terms.

11. Minor has failed to make any payment to Sotheby's for the Works.

12. Sotheby's has made a number of efforts to obtain payment from Minor, but he has refused—without any legal or other justification—to make the payments due as required by the Contracts.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

13. Sotheby's repeats and realleges the allegations set forth in Paragraphs 1 through 12 above.

14. Sotheby's and Minor were parties to a Contract dated May 15, 2008 ("Contract #1"), for a Work purchased by Minor for approximately three hundred thousand ($300,000.00) US dollars ("Work #1").

15. Minor breached Contract #1 by refusing to pay Sotheby's for the purchased Work #1.

16. Sotheby's acted as an agent for its client who is the owner of Work #1 ("Consignor #1") which was consigned to Sotheby's for sale.

17. Sotheby's has suffered damages in amount to be proved at trial (but in no event totaling less than one million three hundred thousand ($1,300,000.00) US dollars as a result of Minor's breach of Contract #1, which damages include interest, late fees, attorneys' fees, handling and other charges as provided in Contract #1, as well as damages arising out of the effect of Minor's defaults on Sotheby's relationship with its Consignor #1.

### SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

18. Sotheby's repeats and realleges the allegations set forth in Paragraphs 1 through 17 above.

19. Sotheby's and Minor were parties to a Contract dated May 22, 2008 ("Contract #2"), for a Work purchased by Minor for approximately three million nine hundred thousand ($3,900,000.00) US dollars ("Work #2").

20. Minor breached Contract #2 by refusing to pay Sotheby's for the purchased Work #2.

21. Sotheby's acted as an agent for its client who is the owner of Work #2 ("Consignor #2") which was consigned to Sotheby's for sale.

22. Sotheby's has suffered damages in amount to be proved at trial (but in no event totaling less than four million nine hundred thousand ($4,900,000.00) US dollars as a result of Minor's breach of Contract #2, which damages include interest, late fees, attorneys' fees, handling and other charges as provided in Contract #2, as well as damages arising out of the effect of Minor's defaults on Sotheby's relationship with its Consignor #2.

### THIRD CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

23. Sotheby's repeats and realleges the allegations set forth in Paragraphs 1 through 22 above.

24. Sotheby's and Minor were parties to a Contract dated May 22, 2008 ("Contract #3"), for a Work purchased by Minor for approximately nine million six hundred thousand ($9,600,000.00) US dollars ("Work #3").

25. Minor breached Contract #3 by refusing to pay Sotheby's for the purchased Work #3.

26. Sotheby's acted as an agent for its client who is the owner of Work #3 ("Consignor #3") which was consigned to Sotheby's for sale.

27. Sotheby's has suffered damages in amount to be proved at trial (but in no event

4

totaling less than ten million six hundred thousand ($10,600,000.00) US dollars as a result of Minor's breach of Contract #3, together with which damages include interest, late fees, attorneys' fees, handling and other charges as provided in Contract #3, as well as damages arising out of the effect of Minor's defaults on Sotheby's relationship with its Consignor #3.

**WHEREFORE,** Sotheby's demands judgment awarding Sotheby's:

A.   On its First Claim for Relief, damages in an amount to be proved at trial, but in no event less than $1,300,000.00, together with interest, fees, and other charges as provided in the Contracts and as provided by law;

B.   On its Second Claim for Relief, damages in an amount to be proved at trial, but in no event less than $4,900,000.00, together with interest, fees, and other charges as provided in the Contracts and as provided by law;

C.   On its Third Claim for Relief, damages in an amount to be proved at trial, but in no event less than $10,600,000.00, together with interest, fees, and other charges as provided in the Contracts and as provided by law;

D.   Such other and further relief, including attorneys' fees as provided by the Contracts and the costs and disbursements of this action, as the Court deems just and proper.

Dated: New York, New York
September 2, 2008

                                              John R. Cahill (JC-4299)
                                              Abbey Green (AG-9293)

                                              LYNN & CAHILL LLP
                                              58 West 40th Street
                                              New York, New York 10018
                                              (212) 719-4400

                                              *Attorneys for Plaintiff,*
                                              *Sotheby's, Inc.*

6