UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                            :

SOTHEBY'S, INC.,                                     :

                                                                            :     ECF CASE

                           Plaintiff,                  :

                                                                            :     08-CV-07694 (BSJ)(HBP)

             -against-                            :

                                                                            :

HALSEY MINOR,                                       :

                                                                            :

                                         Defendant.         :
------------------------------------------------------------------------x

## REPLY MEMORANDUM IN SUPPORT OF SOTHEBY'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

Dated: May 10, 2010

                                                     Steven A. Reiss
                                                     Howard B. Comet
                                                     Vanessa W. Chandis
                                                     Weil, Gotshal & Manges LLP
                                                     767 Fifth Avenue
                                                     New York, New York 10153
                                                     (212) 310-8000

                                                     Attorneys for Plaintiff Sotheby's, Inc.

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1
A.  The Court Should Rely On Its Familiarity With This Case ......................................... 2
B.  There is No Basis for Minor's Objection to the Amount of Hours Billed ................... 4
C.  There is No Basis for Minor's Objection to Counsel's Time Records ........................ 6
D.  There is No Basis for Minor's Objection to Paralegal Time ....................................... 9
E.  Minor's Objection to Harry Smith's Airfare Should be Overruled ........................... 10
CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Ace Ltd. v. Cigna Corp.*, 2001 WL 1286247 (S.D.N.Y. Oct. 22, 2001) ............................... 2

*Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*, 212 F. Supp.2d 226 (S.D.N.Y. 2002) ............................................................................................................... 2

*BNP Dresdner Bank Zao v. Haque*, 1998 WL 831353 (S.D.N.Y. Nov. 30, 1998) .............. 3

*ECDC Environmental, L.C. v. NY Marine & Gen. Insurance Co.*, 1999 WL 777883 (S.D.N.Y. Sept. 29, 1999) (citing authorities) ........................................................ 7

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp.2d 511 (S.D.N.Y. 2004) ............................................................................................................................ 6, 9

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................................................ 8

*Hnot v. Willis Group Holdings Ltd.*, 2008 WL 1166309 (S.D.N.Y. April 7, 2008) .... 6, 7, 8

*Irish v. City of New York*, 2004 WL 444544 (S.D.N.Y. March 10, 2004) ...................... 8, 9

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008) ............................................................................................................................. 8, 9

*Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp.2d 470 (S.D.N.Y. 2009) ................................................................................................................ 7

*Kilpatrick v. Breg, Inc.*, 2009 WL 1738175 (S.D. Fla. June 18, 2009) ............................... 6

*Lainfiesta v. Artuz*, 2000 WL 739425 (S.D.N.Y. June 8, 2000) ......................................... 6

*Marisol A. v. Giuliani*, 111 F. Supp.2d 381 (S.D.N.Y. 2000) ..................................... 9-10

*McGuire v. Wilson*, 1994 WL 68222 (S.D.N.Y. Feb. 28, 1994) ........................................ 8

*Meriwether v. Coughlin*, 727 F. Supp. 823 (S.D.N.Y. 1989) ............................................ 7

*Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235 (S.D.N.Y. 1993) ........................... 3

*Mugavero v. Arms Acres, Inc.*, 2010 WL 451045 (S.D.N.Y. Feb. 9, 2010) .................. 3, 9

## TABLE OF AUTHORITIES
(continued)

Page(s)

*New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983) ................................................................................................................. 6, 7

*Pascuiti v. New York Yankees*, 108 F. Supp.2d 258 (S.D.N.Y. 2000) ................................. 9

*Rahman v. Smith & Wollensky Group*, 2009 WL 72241 (S.D.N.Y. Jan. 7, 2009) .............. 2

*Raniola v. Bratton*, 2003 WL 1907865 (S.D.N.Y. April 21, 2003) ............................ 2, 4, 8

*Sea Spray Holdings Ltd. v. Pali Financial Group, Inc.*, 277 F. Supp.2d 323 (S.D.N.Y. 2003) ................................................................................................................ 2, 5

*Sylvester v. City of New York*, 2006 WL 3230152 (S.D.N.Y. Nov. 8, 2006) ................. 4, 7

*Tlacoapa v. Carregal*, 386 F. Supp. 2d362 (S.D.N.Y. 2005) ............................................. 2

*Towers Charter & Marine Corp. v. Cadillac Insurance Co.*, 894 F.2d 516 (2d Cir. 1990) ...................................................................................................................................... 2

*Tran v. Tran*, 166 F. Supp.2d 793 (S.D.N.Y. 2001) ...................................................... 7, 8

*United States v. Carmichael*, 379 F. Supp.2d 1299 (M.D. Ala. 2005) ............................... 6

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2004 WL 213032 (S.D.N.Y. Feb. 3, 2004) ...................................................................................................... 2, 3, 8

Plaintiff Sotheby's, Inc. ("Sotheby's") respectfully submits this reply in support of its motion for recovery of attorney's fees and related expenses from defendant Halsey Minor ("Minor") and in response to the opposition memorandum filed by Minor ("Minor Mem.").

## INTRODUCTION

In responding to Sotheby's motion, Minor has not disputed any of the evidence submitted by Sotheby's nor submitted any evidence of his own. Nor has Minor disputed that Sotheby's incurred most of its fees and expenses not in proving its own collection claims, which were largely undisputed, but in litigating the numerous claims and issues Minor asserted.

Minor also does not argue that Sotheby's filed any motions or made any arguments that were unnecessary to respond to his claims or were unsuccessful. Nor does Minor contest the rates of Sotheby's counsel. Minor objects only that Sotheby's lawyers spent too much time on certain matters or inadequately documented their time. Minor apparently seeks to have the Court consider his objections without regard to the conduct on his part that caused Sotheby's to incur the fees and expenses Minor is now disputing.

While ignoring the context of this litigation, Minor remarkably requests that the Court deny Sotheby's any recovery of nearly half of the fees it incurred in responding to Minor's own conduct. Minor's request is wrong on both the law and the facts. The cases (including cases cited by Minor) uniformly hold that courts should consider whether the time spent by a party's attorneys was reasonable and is sufficiently documented based on the court's knowledge of the case and its outcome. Here, all of Minor's objections to Sotheby's motion are both factually incorrect and invalid under the circumstances of this case.

### A. The Court Should Rely On Its Familiarity With This Case

In evaluating Sotheby's fee request and Minor's objections, the Court should "rely on its own familiarity with the case and the evidentiary submissions and arguments of the parties." *Rahman v. Smith & Wollensky Group*, 2009 WL 72241, at *6 (S.D.N.Y. Jan. 7, 2009). Courts consistently consider the circumstances of the specific case, including in particular the conduct of the opposing party, in deciding whether the hours billed by a party's attorneys were reasonable.[1] Even decisions cited by Minor were based on the court's determination that certain time amounts were excessive in light of the court's knowledge about specific proceedings in the case and the overall course of the litigation.[2]

---

[1] *E.g., Towers Charter & Marine Corp. v. Cadillac Ins. Co.*, 894 F.2d 516, 525-26 (2d Cir. 1990) (the district court properly rejected the argument that hours were inflated "after evaluation of the billings in light of the course of the litigation," including the district court's finding that some of the time charges termed "excessive" were incurred "to answer baseless allegations"); *Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*, 212 F. Supp.2d 226, 229 (S.D.N.Y. 2002) (Lynch, J.) (adversary who "vigorously contested the Sponsor's arguments in this litigation" "cannot litigate tenaciously and then be heard to complain about the time necessarily spent . . . in response") (citation omitted); *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2004 WL 213032, at *2 (S.D.N.Y. Feb. 3, 2004) (Jones, J.) ("the hours claimed by all the Defendants are reasonable, especially in light of the protracted nature of the litigation and the objectively unreasonable arguments made by the Plaintiff"); *Raniola v. Bratton*, 2003 WL 1907865, at *3-4 (S.D.N.Y. April 21, 2003) (court rejected argument "that the number of hours claimed is 'exorbitant'" and that there should be a 50% reduction; after detailing the history of the case, the court concluded that "the case commanded a considerable commitment of attorney time").

[2] *E.g., Tlacoapa v. Carregal*, 386 F. Supp.2d 362, 371-72 (S.D.N.Y. 2005) (court analyzed the time and staffing needed for the pre-trial materials, and relied on "its own observations of Plaintiff's attorneys at trial" where they "belabored tangential or entirely irrelevant issues, causing them to last an unnecessarily long time"); *Sea Spray Holdings Ltd. v. Pali Financial Group, Inc.*, 277 F. Supp.2d 323, 325-26 (S.D.N.Y. 2003) (court evaluated whether six lawyers and two legal assistants were needed to prepare a motion to dismiss that involved ten pages of legal argument); *Ace Ltd. v. Cigna Corp.*, 2001 WL 1286247, at *2-3 (S.D.N.Y. Oct. 22, 2001) (in a case that involved only a motion to compel arbitration, the court found that nine attorneys and fourteen paralegals "was excessive for this type of common motion involving straightforward issues").

Courts do not accept conclusory arguments that the total fees or hours spent on a multi-faceted litigation were excessive.[3] This Court should therefore reject Minor's conclusory argument that it was excessive for Sotheby's attorneys to bill for 3400 hours of work in this case.[4] (Minor Mem. at 3). Minor relies only on this Court's ruling that a lesser amount of hours in an entirely different case was <u>reasonable</u>. (<u>Id.</u>, citing *Video-Cinema Films, supra*). The Court's ruling provides no support for Minor's contention in this case.[5]

Courts have generally reduced fees only when attorneys' rates were unreasonable, or unwarranted work was done, or the staffing or hours for specific tasks was plainly unreasonable. Here, Minor has not disputed the rates of Sotheby's attorneys. Nor has he argued that any of Sotheby's claims or motions were unwarranted (in fact, they were all successful). Minor has objected only that the Court should determine that certain time entries of Sotheby's counsel, when viewed in isolation, are excessive or insufficiently detailed.

The Court, however, "is not required to assess each entry in isolation; rather, it may use its knowledge of the case and the demands that the issues posed by the case placed on the attorneys to judge whether counsel were wasting significant amounts of time or otherwise performing with less than reasonable efficiency." *Mugavero v. Arms Acres, Inc.*, 2010 WL 451045, at *7 (S.D.N.Y.

---

[3] *E.g., BNP Dresdner Bank Zao v. Haque*, 1998 WL 831353, at * 1 (S.D.N.Y. Nov. 30, 1998) (defendant argued that the fees "are excessive for an action that lasted only six months, but does not specify how the costs and fees are excessive"); *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 240 (S.D.N.Y. 1993) ("Defendants essentially argue that the fees requested by Plaintiffs are excessive for this type of action. However, Defendants have not stated any reasons that would justify a reduction in the fee amount.").

[4] Notably, Minor does not disclose the number of hours billed by his attorneys in this action.

[5] The only "facts" Minor relies on are that (i) this action "spanned only one and a half years," which indicates nothing about the amount of work involved, and (ii) "less than 10 depositions were taken." In fact, <u>more</u> than ten depositions were taken. (Reply Declaration of Howard B. Comet, dated May 10, 2010 ("Reply Decl."), ¶ 2).

3

Feb. 9, 2010) (quoting *Raniola*, 2003 WL 1907865, at *4). Because "the reasonable number of hours spent on each case is fact and context specific," Minor's objections are invalid. *Id.*

### B. There is No Basis for Minor's Objection to the Amount of Hours Billed

Minor identifies four matters in which Sotheby's attorneys allegedly overbilled. In each instance, there is no basis for Minor's objection.

First, Minor objects that WGM overbilled for Sotheby's motion to enjoin the duplicative action he filed in California. (Minor Mem. at 4). Minor's objection is fairly brazen, since it is undisputed that (i) Minor has no justification for filing a duplicative action; (ii) Minor filed the California Action to obtain publicity harmful to Sotheby's and to assert class action claims he knew were unwarranted, so as to pressure Sotheby's to settle; (iii) Minor abandoned the class claims after the injunction, even though the Court stated that he could try to add those claims to this case; and (iv) Minor refused Sotheby's proposals to avoid unnecessary briefing, which forced Sotheby's not only to seek an injunction, but also to seek dismissal in California (both of which were granted). (Comet Decl. ¶¶ 27-35, 48-50).[6]

It is also disturbing that Minor ignores the fact – which Sotheby's moving papers pointed out – that WGM discounted its bill for the period in which the injunction motion was drafted by almost 25%. (Comet Decl. ¶ 23). In light of that discount, no further reduction is appropriate. *Sylvester v. City of New York*, 2006 WL 3230152, at *7 (S.D.N.Y. Nov. 8, 2006) (because plaintiffs reduced the fees sought for a particular motion, no further reduction was warranted).

Second, Minor objects that WGM billed 150 hours for Sotheby's *in limine* motion to exclude Minor's expert witnesses. Minor's objection is purely conclusory: "This amount is exces-

---

[6] "Comet Decl." refers to the Declaration of Howard B. Comet, dated April 14, 2010, which was submitted with Sotheby's moving papers.

sive." (Minor Mem. at 4). Minor does not discuss any of the issues or facts involved in the motion, but rather relies only on a citation to a completely unrelated case in which the court decided that, under the circumstances presented there, billing 123.75 hours for a motion to dismiss was excessive. (Id.). Under Minor's reasoning, it is excessive for any law firm to bill more than 123 hours for any motion in any case. Obviously, that is not the law.

In the case Minor relies upon, the Court found that the hours were excessive in relation to the papers that were filed because they involved billing by six lawyers and two paralegals. *Spray Holdings*, 227 F. Supp.2d at 325. Here, only two WGM lawyers worked on the *in limine* motion, and because of timing considerations, almost all of the work was done by a junior associate who billed at a relatively low rate. (Reply Decl. ¶¶ 5-9). Sotheby's filed very substantial motion papers dealing with two different experts, which Minor vigorously disputed. In the absence of any explanation of how the time (or amount) billed was excessive, Minor's objection is baseless.

Third, Minor objects that WGM's time in reviewing and producing approximately 6,600 pages of Sotheby's documents was excessive because it was more than the time WGM spent in reviewing over 16,000 pages produced by Minor. (Minor Mem. at 5). This is a bogus comparison. The time WGM spent on Sotheby's document production involved numerous discussions with Sotheby's personnel and the review of many thousands of additional pages that were not produced. And the time WGM spent in reviewing Minor's production was reduced because Minor's production included thousands of duplicates of the same documents. (Reply Decl. ¶¶ 22-24). There is no basis, therefore, for Minor's objection.

Finally, Minor objects to the billing for the deposition of his expert, Robert Ross. (Minor Mem. at 5). Minor's objection to the participation by John Cahill, in addition to Howard Comet, is unfounded, since Mr. Cahill had particular expertise regarding the subject of Mr. Ross's expert

5

report (Reply Decl. ¶¶ 12-15), and the law is settled that it is reasonable for a party to be represented by two lawyers.[7] In fact, Minor was represented by two lawyers in most of the depositions in this case. While Minor argues that Mr. Cahill did not ask any questions in the deposition, that argument is frivolous, since it is well-established that only one lawyer for the same party should question the same witness.[8]

In addition, Minor again ignores the fact that Sotheby's counsel has already discounted the billing. The discount provided by Mr. Cahill's firm eliminated any bill for his travel time for the Ross deposition and substantially reduced the remaining bill for his work. (Reply Decl. ¶¶ 10-11). There is no basis, therefore, for Minor's objection.

### C. There is No Basis for Minor's Objection to Counsel's Time Records

Minor also objects to the time records of Sotheby's counsel on the grounds that they include (i) "block billing," i.e., multiple tasks collected in a single time entry; and (ii) allegedly vague entries. (Minor Mem. at 6-9). Both objections lack merit.

With regard to block billing, courts have recognized that "most attorneys" record "a single composite entry for each day," and that such entries "conform to what a reasonable client compen-

---

[7] *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (parties can recover fees "for sending a second attorney to depositions or an extra lawyer into court to observe"); *Hnot v. Willis Group Holdings Ltd.*, 2008 WL 1166, at *7 (S.D.N.Y. April 7, 2008) ("There is no doubt that it is often reasonable for a second attorney to assist in a deposition or hearing."); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp.2d 511, 525 (S.D.N.Y. 2004) (rejecting argument that "it was improper for the two attorneys to attend the same deposition where only the partner conducted the deposition").

[8] *See, e.g., Lainfiesta v. Artuz*, 2000 WL 739425, at *11 (S.D.N.Y. June 8, 2000) (courts permit "only one counsel to examine a particular witness"); *Kilpatrick v. Breg, Inc.*, 2009 WL 1738175, at *1 (S.D. Fla. June 18, 2009) (local court rule provides that only one lawyer for each party "should question the witness or make objections" in depositions); *United States v. Carmichael*, 379 F. Supp.2d 1299, 1304, n.2 (M.D. Ala. 2005) (the court's rule allows "one lawyer per party per witness").

sating her attorneys on an hourly basis might expect them to delineate in periodic invoices." *Sylvester*, 2006 WL 3230152, at *6. "[M]ultiple entries comply with the Second Circuit's requirement of specificity," because such entries "specify the date, hours expended, and nature of the work done." *Meriwether v. Coughlin*, 727 F. Supp. 823, 827 & n.5 (S.D.N.Y. 1989) (citing *Carey*, 711 F.2d at 1148). As Judge Lynch has explained, courts normally order reductions for block billing

> only where there was evidence that the hours billed were independently unreasonable or that the block-billing was mixing together tasks that were not all compensable or not compensable at the same rate. [Citing authorities]. . . . absent evidence that plaintiffs' block-billing has obscured such unreasonable billing, the Court will not impose an across-the-board penalty simply because a law firm has engaged in a generally accepted billing practice.

*Hnot*, 2008 WL 1166309, at *6. *Accord ECDC Environmental, L.C. v. NY Marine & Gen. Ins. Co.*, 1999 WL 777883, at *7 (S.D.N.Y. Sept. 29, 1999) (Jones, J.) (rejecting block billing objection, because "it is settled law in the Second Circuit that the documentation submitted by the plaintiff in support of its legal fees is sufficient to establish the recovery of attorneys' fees") (citing authorities).[9]

Here, Minor does not argue that any of the block-billed entries include tasks that are not compensable. Minor's only specific objection, based on three time entries, is that he cannot tell exactly how much time was spent on internal meetings referenced in those entries. (Minor Mem. at 9). In fact, Sotheby's counsel minimized internal meetings because (as Minor does not dispute), after the initial stages of this case, Sotheby's was represented almost entirely by one WGM partner

---

[9] *See also Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp.2d 470, 477 (S.D.N.Y. 2009) ("plaintiffs' use of block billing satisfies the *Carey* standard because there is no evidence that this practice has obscured unreasonable billing"); *Tran v. Tran*, 166 F. Supp.2d 793, 800 (S.D.N.Y. 2001) ("The exact proportions the attorney spent on the two or more tasks is not critical if all of the tasks merit compensation.").

and one associate, with occasional consultations with another partner. (Comet Decl. ¶¶ 14-15). In addition, internal conferences are fully compensable, so long as the time involved is not unreasonable.[10] Minor has identified no basis for finding that the time was unreasonable in this case.

With regard to whether time entries are too vague, courts decide whether entries provide sufficient information based on all available documentation and the history of the case. "Although attorneys must record the general nature of their work, they need not include detailed descriptions of the exact work performed." *Tran*, 166 F. Supp.2d at 800. As the Supreme Court has stated, counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). Numerous courts have also recognized that the general nature of an attorney's work, as reflected in a particular time entry, can be discerned from consideration of other time entries and the contemporaneous proceedings in the case.[11]

Here, as discussed in the accompanying declaration, none of the handful of entries cited by Minor is vague when considered in context. (Reply Decl. ¶¶ 27-43). Minor improperly ignores

---

[10] *Video-Cinema Films*, 2004 WL 213032, at *3 (Jones, J.) (approving compensation for internal conferences, since "time spent strategizing . . . is legitimate so long as the time spent was not excessive"); *Raniola*, 2003 WL 1907865, at *5 ("Necessarily, as tasks in a complex case are divided or shared, the lawyers are required to consult, and in this case that reasonably led to a substantial amount of time spent in conference."); *McGuire v. Wilson*, 1994 WL 68222, at *4 (S.D.N.Y. Feb. 28, 1994) (approving fees for internal conferences and noting that "many courts in this Circuit have permitted recoveries for such practices") (citing authorities).

[11] *E.g., J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at *5 (S.D.N.Y. Oct. 17, 2008) ("general entries" such as "trial preparation" could "be properly assessed in conjunction with the date and surrounding circumstances and court filings"); *Hnot*, 2008 WL 116639, at *5 ("While it may be true that, read in isolation, some entries appear vague, for most the nature or purpose of them becomes clear from reading the time entries immediately preceding or following them."); *Irish v. City of New York*, 2004 WL 444544, at *7-8 (S.D.N.Y. March 10, 2004) (courts can evaluate time entries "by reference to the context in which these entries occur [to determine] what work was involved"; court relied on its own knowledge about the attorneys' work).

the surrounding time entries and his own lawyers' knowledge about the proceedings in this case. *See Irish*, 2004 WL 444544, at *8 (criticizing opposing counsel for objecting to entries as vague when counsel were involved in the matters referenced in the entries). Minor objects, for example, to an entry by Sarah Barrows in WGM's California office for "research and drafting reply brief." (Minor Mem. at 8). Since Minor's lawyers know that (i) the only matter Ms. Barrows worked on was Sotheby's motion to dismiss the duplicative California Action, and (ii) the brief referenced in her time entry is obviously the reply brief for that motion, there is nothing vague about the entry. Courts have awarded fees based on time entries comparable to Ms. Barrows's entry and all of the other entries Minor objects to, where (as here) the circumstances of the case and additional time entries placed the billing in context.[12]

### D. There is No Basis for Minor's Objection to Paralegal Time

Minor objects that WGM's paralegals allegedly billed for secretarial tasks that are not compensable. (Minor Mem. at 9-10). The examples Minor gives, however, are work to prepare video disks of Sotheby's auctions for use and eventual production in this case and work in organizing and maintaining the computerized database WGM constructed to manage the discovery and litigation process. These are tasks that are handled by paralegals, rather than secretaries, and that WGM normally bills to clients. (Reply Decl. ¶¶ 25-26). Such tasks are compensable. *Marisol A.*

---

[12] *Mugavero*, 2010 WL 451045, at *7 (entries such as "review transcripts," "edit memo of law," and "research" were sufficient when considered in context); *J.S. Nicol*, 2008 WL 4613752, at *5 ("work on exhibits for trial; ltr. to adversary" was detailed and "trial preparation" was sufficient in context); *Gucci America*, 315 F. Supp.2d at 525 ("begin drafting motion papers on contempt motion" was not vague, but rather was "perfectly clear"; it referred to "writing the motion which was eventually filed with the Court and granted"); *Irish*, 2004 WL 444544, at *7 ("letter to court" was not vague, when the Court could identify the letter by date); *Pascuiti v. New York Yankees*, 108 F. Supp.2d 258, 270 (S.D.N.Y. 2000) ("Draft ltr to Yankees" and "TC w/R. Goldstein" were not vague, since the Court could identify the letter and reason for the telephone call).

*v. Giuliani*, 111 F. Supp.2d 381, 390 (S.D.N.Y. 2000) ("the work performed in furtherance of organizing the countless number of documents in this case and maintaining a litigation-related database is fully compensable.").

### E. Minor's Objection to Harry Smith's Airfare Should be Overruled

Finally, Minor also objects to the airfare expense for Sotheby's rebuttal expert, Harry Smith, who is based in London and traveled to New York to be deposed by Minor. Contrary to Minor's contention, Mr. Smith's airfare was for business class travel, not first class. (Reply Decl. ¶ 46). Sotheby's agrees that the fare was expensive, as compared to coach, and Sotheby's noted that expense when it was submitted by Mr. Smith. Sotheby's also noted, however, that Mr. Smith did not bill for other expenses and matters he could have billed for, including his time in preparing for the deposition and reviewing the transcript. (Id., ¶ 47). Sotheby's therefore reimbursed Mr. Smith, and under all the circumstances, Minor should be required to reimburse Sotheby's.

### CONCLUSION

For the reasons discussed above and in Sotheby's moving papers, the Court should grant Sotheby's motion for attorney's fees and related expenses.

Dated:   New York, New York
         May 10, 2010

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: /s/ Howard B. Comet
    Howard B. Comet

Steven A. Reiss
Vanessa W. Chandis
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Plaintiff Sotheby's, Inc.